*1005 OPINION.
Maequette:
The petitioner claims that in computing its net income for the period January 1 to October 9, 1920, there should be allowed as a deduction the amount of $7,500.02, representing a portion of the amount of $15,000 paid to Draper for the services rendered by him to the Nekonegan activities during the period April 19 to December 31, 1920. The respondent concedes that the amount which the petitioner seeks to deduct represents a reasonable compensation to Draper for the services performed by him during the period April 19 to October 16, 1920.
We are of the opinion that the record herein sustains the petitioner’s contention. The respondent has determined that the business and income we are here considering were from April 19 to October 16, 1920, the business and income of the petitioner and not of the new corporation. On April 19, 1920, Draper, pursuant to an agreement between him and the other stockholders of the petitioner, assumed the administrative and accounting work of the petitioner with the understanding that he would be paid a reasonable amount for his services. When the petitioner disposed of its assets on October 16, 1920, and ceased to transact business, there was due from it to Draper reasonable compensation for the services rendered by him, even though the amount was then undetermined. The liability to Draper was assumed by the new corporation, together with the other liabilities of the petitioner, and was ascertained and paid. That it was assumed and paid by the new corporation did not, however, change the fact that it was primarily the obligation of the petitioner and a proper deduction in computing the petitioner’s income for the taxable year.
Reviewed by the Board.

Judgment will 5e entered under Bule 50.